BOYLE *v.* MOSS.

The obligee of a title-bond died, and the obligor was appointed his adminis-
trator. The Probate Court directed the administrator to sell the land de-
scribed in the bond for the payment of debts, receive the purchase-money, and
make a title to the purchaser. The administrator accordingly sold the land,
and gave the purchaser a bond conditioned for a conveyance when the pur-
chase-money should be paid. The administrator received the purchase-
money, and removed out of the state. The purchaser, without having de-
manded a deed, filed a bill in the Probate Court of the county against the
administrator and infant heirs of the deceased, for a specific performance.
*Held*, that the Court had jurisdiction of the cause, and that the complainant
was entitled to a decree.

May Term,
1838.

Boyle
v.
Moss.

Wednesday,
June 6.

ERROR to the *Switzerland* Probate Court.

SULLIVAN, J.—The bill in this case was filed to compel the specific performance of a contract. *Moss*, the administrator, and *W. Reynolds* and *E. Reynolds*, infant heirs of *P. Reynolds*, deceased, were the defendants in the Court below. The facts of the case as stated in the bill and answer, and the amendments made to them, are as follows: The complainant alleges that *Moss*, in the year 1833, sold to *P. Reynolds* the tract of land named in the bill, and gave him a bond for the conveyance of the title; and put him in possession of the land;—that shortly thereafter *Reynolds* died without having received a title for the land;—that *Moss* took out letters of administration on the estate of *Reynolds*;—that the personal estate of *Reynolds* was insufficient to pay his debts, and *Moss* obtained an order from the Probate Court of *Switzerland* county, directing him to sell the land, and when the purchase-money should be paid, to make a title to the purchaser;—that he advertised and sold the land, and *Boyle*, the complainant, became the purchaser;—that *Moss*, in his character of administrator, gave a bond to the complainant for the conveyance of the title on the payment of the purchase-money;—that the complainant has fully paid the purchase-money, and that *Moss*, after receiving it, left the state without making the deed, and removed to distant parts so as to put it out of the power of complainant to demand a deed. The bill prays that the Court decree a title for the land, and such other relief, &c.

The answer of *Moss* admits all the material allegations in the bill, but avers that he has always been, and still is, ready and willing to convey the title, but the complainant has never demanded the same. The defendant, *Moss*, also pleaded two pleas averring his readiness and willingness to perform, and in one of them tendered a deed in Court, but afterwards, in the progress of the trial, the pleas were withdrawn. The heirs of *Reynolds* by their guardian also answered. Various exceptions were taken during the trial to the answer of the defendant, *Moss*, and other proceedings had which it is unnecessary to notice here, because they do not affect the merits of the case. The cause was submitted to the Court below on bill, answer, and exhibits, and at the hearing, the bill was dismissed for want of equity.

This bill we think ought not to have been dismissed. It is

admitted on the record, that the land was sold by *Moss* as administrator of *Reynolds*, by virtue of an order of the Probate Court;—that *Boyle* became the purchaser;—that the sale was approved by the Court;—that *Moss* gave to the purchaser a bond for the conveyance of the title, received the purchase-money, and gave him a receipt for the same, specifying the object for which the money was paid. The complainant made no demand of the deed, but he has shown in his bill a sufficient excuse for not doing so, and this is not denied by the defendant. The obligor left the state and went to parts remote; and in such case the obligee is not bound to pursue him and demand title. He may, on bill filed for a specific performance of the contract, allege the non-residence of the party as a sufficient excuse for not doing so.

It is contended by the defendant in error, that the Probate Court had not jurisdiction of the case, and that the want of jurisdiction appears on the face of the bill; that the bill shows the defendant, *Moss*, to be the legal owner of the land in his individual right, and the object of the bill is to divest *Moss* of the title and vest it in the complainant.

After a careful examination of the statute, we think the 47th section of the act organising Probate Courts, conferred upon the Court below jurisdiction of the case. By that section of the act, the Probate Courts are invested with original jurisdiction in all suits at law and in chancery, upon all demands and causes of action against executors or administrators, arising upon any act done, duty omitted, forfeiture incurred, or liability suffered, in discharge of their trusts, by themselves, or those they represent. *Moss*, the administrator, might have assigned to *Boyle* the bond which his intestate held for the title, and this course is authorised by the statute. But because the legal title was in himself, and because the order of the Probate Court authorising him to sell the land, directed *him* to make the deed to the purchaser, he gave the bond set out in the complainant's bill, instead of assigning the original title-bond; and to this course we see no objection if the purchaser chose to receive it. In consequence of this liability incurred by the administrator, the Probate Court had jurisdiction of the case,

May Term,   and having obtained it rightfully, might entertain it so as to do
  1838.    complete justice between the parties.

THE STATE      *Per Curiam.*—The decree is reversed with costs.  Cause re-
    v.
HUMPHRIES.  manded, &c.

          *J. Dumont*, for the plaintiff.

          *J. G. Marshall* and *J. C. Eggleston*, for the defendant.